Andrew J. HERHAL, Defendant Below, Appellant,

v.

STATE of Delaware, Plaintiff Below, Appellee.

Supreme Court of Delaware.

May 29, 1968.

Carl Schnee and Michael F. Tucker, Asst. Public Defenders, Wilmington, for defendant below, appellant.

Jay H. Conner and Jerome O. Herlihy, Deputy Attys. Gen., Wilmington, for plaintiff below, appellee.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

HERRMANN, Justice (for the majority):

The defendant Andrew J. Herhal was convicted of murder in the first degree in connection with the death of Mrs. Sally Deputy. The dispositive issue on this ap-

peal is whether the evidence was sufficient to support that conviction. We think not.

The evidence against Herhal was wholly circumstantial. Viewed in the light most favorable to the State, these were the facts proved:

Mrs. Deputy, the sister of Herhal's paramour, was found dead in her home about 2:10 P.M. on April 21, 1966. She had had a telephone conversation with her sister about 1:30 P.M. and was all right at that time. Her death resulted from hemorrhage caused by laceration of the aorta and right auricle. There was no other wound and no other evidence of trauma.

The nature of the wound indicated that it was caused by a weapon about four inches long and about 1¼ inches wide. The wound involved piercing the breastbone and, according to the medical testimony, could have been caused only by a sharp instrument wielded with considerable force. The death weapon was never found. Herhal had owned a hunting knife of about the size specified. The knife had been seen in Herhal's automobile about two weeks earlier; but no witness saw it afterwards; and a search of Herhal's car and home did not produce the knife.

The shirt Herhal wore on the day in question had two small human bloodstains on the right sleeve, and the trousers he wore that day had a small human bloodstain on the lining of the left rear pocket. None of these stains contained sufficient quantities of blood to be "typed".

Herhal was identified at the trial by Mrs. Sandra Holland, a neighbor of Mrs. Deputy, who testified that she saw Herhal in his automobile in the vicinity of Mrs. Deputy's home at about 2:00 P.M. on the day in question. Herhal was also identified at the trial by Mrs. Holland's father who testified that on the day in question he saw Herhal at about 1:00 P.M. and again at about 1:50 P.M., on the lot adjoining the Deputy home.

On the day in question, Herhal began drinking early in the morning, in the company of two other men who remained with him until after noon. At about 12:30 P.M. he arrived at the home of a woman acquaintance and, after making unsuccessful sexual proposals to her, left there before 1:00 P.M.[1] A few minutes later, he arrived at the home of another woman acquaintance and stayed until about 1:15 P.M. He then went to the home of still another woman acquaintance, and broke down the door to gain admission. The woman fled through a back exit, that episode lasting about ten minutes.

Herhal returned to his home and told his paramour that he was "in trouble with checks" and that they had to leave. After packing, the couple drove to a pawn shop in Wilmington and pawned a television set, that transaction being completed at 2:45 P.M. They then drove to the home of friends in Chestertown, New Jersey, arriving at about 4:15 P.M. They returned to their own home at about 6:00 P.M.

This was the sum and substance of the State's case against Herhal.

It is manifest, we think, that the State failed to prove express malice aforethought, an essential element of first degree murder in this State. The circumstantial evidence in this case does not permit an inference of a "formed design or intention to kill or to do great bodily harm" and "a sedate and deliberate mind of which that intention is the product"—two of the elements of express malice aforethought.

---

1. Normal driving required 18 minutes to travel from this residence to Mrs. Deputy's home; and 28 minutes to travel from there to Herhal's home.

Taken at its best from the State's point of view, the evidence and inferences possible therefrom prove only that the victim was stabbed and died of her wound. The evidence adduced is equally consistent with a killing perpetrated without design or premeditation, though with a "depraved heart" or a "cruel and wicked indifference to human life." This is tantamount to saying that the circumstantial evidence here is as reasonably consistent with implied malice and second degree murder as it is with express malice and first degree murder. To establish a fact in issue, circumstantial evidence must be inconsistent with any other rational conclusion. It follows that the circumstantial evidence in this case is insufficient to support a conviction of first degree murder. Compare Parson v. State, Del., 222 A.2d 326 (1966); Jenkins v. State, Del., 230 A.2d 262 (1967).

Accordingly, the conviction of the defendant of murder in the first degree must be reversed.

■■ We find no merit in the defendant's contention that the evidence is insufficient to support conviction of any crime. Malice may be implied from the use of a deadly weapon, giving rise to second degree murder. Ruffin v. State, 11 Terry 83, 123 A.2d 461 (1956). The circumstantial evidence against Herhal in this case, if believed, may be found inconsistent with any rational conclusion other than guilt of second degree murder. The prayer for judgment of acquittal, therefore, was properly denied by the Superior Court.

■ We have considered the possibility of remanding the case to the Superior Court with directions to enter a judgment of conviction of murder in the second degree. We are satisfied that this Court has the power to direct the entry of a judgment of conviction of a lesser offense, included in a greater offense as to which the judgment below must be reversed, in a clear case in which no undue prejudice will result to the accused. See

Porter v. State (Del.Supr.Ct., 243 A.2d 699 decided May 16, 1968). But this is not such clear case, in our view, as will warrant the exercise of such power. Two errors appear in the record which may have been prejudicial, in our opinion, permeating a finding of guilt of the lesser included offense.

First, the prosecutor made certain statements of fact, in his opening to the jury, as to which no evidence was ever adduced. He stated:

"* * * We would contend and we will contend that he approached Mrs. Deputy, again perhaps in a sexual vein. He was rebuffed, as he had been rebuffed earlier in the day a very short distance in the immediate past by other women. He became enraged and chased her, caught her and he killed her.

"We will show to you that this man habitually carried a knife, that he didn't feel dressed without his knife, and I think it will be indicated by circumstantial evidence that after the killing he took his knife and placed it in his trouser pocket and later disposed of the knife itself. * * *."

In the light of the evidence actually presented, those unsupported statements went too far into the sphere of speculation and conjecture and may have misled the jury to the prejudice of the defendant.

Secondly, over the defendant's objection, the Trial Court charged the jury on the issue of intoxication as though it were a defense. This was not the case; alibi was the defense. There was error in the charge, therefore, in this respect.

We cannot say that such errors, in which due process may have been involved, were harmless beyond a reasonable doubt. There is a reasonable possibility, in our opinion, that the matters complained of contributed to the conviction. See Chapman v. State of California, 386 U.S. 18, 87 S.Ct. 824, 17

L.Ed.2d 730 (1967); Superior Court Criminal Rule 52.

Under all of the circumstances, we conclude that the defendant should have a new trial. The cause is remanded for that purpose.

The following is for guidance at the retrial:

 The other grounds of the appeal have been considered and found to be without merit: The statements made by the defendant to the police on May 5 were harmless in that they were wholly exculpatory in nature; there was no error, therefore, in admitting those statements into evidence. The evidence of Herhal's activities earlier on the day in question was relevant to the State's theory of the case and was properly admitted. As to the contention that the prosecution failed to inform defense counsel promptly of two witnesses who saw a "strange man" in the vicinity of the victim's home at about the crucial time on the day in question, we note that the two witnesses were called by the defense and the jury had the benefit of their testimony. Without ruling upon the duty of the prosecution under the circumstances, we point out that the contention is now moot.

For the reasons stated, the judgment below is reversed and the cause remanded for new trial.

WOLCOTT, Chief Justice (dissenting):

I agree with the Court's conclusion that the State failed to prove first degree murder. However, it seems to me that a fair conclusion from the circumstances is that the State did in fact prove second degree murder. The verdict of guilty of first degree murder includes a verdict of guilty of second degree murder. I would, therefore, remand the cause with instructions to enter a judgment of conviction of that crime. The errors referred to by the majority were not prejudicial in my judgment.