Herbert J. PORTER, Defendant Below, Appellant,

v.

STATE of Delaware, Plaintiff Below, Appellee.

Supreme Court of Delaware.

May 29, 1968.

Charles K. Keil, Asst. Public Defender, Wilmington, for appellant.

Richard G. Elliott, Jr., Deputy Atty. Gen., for the State.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

WOLCOTT, Chief Justice.

The defendant, Herbert J. Porter, was convicted on two separate charges of 4th degree burglary. He was sentenced to two concurrent five-year sentences from which he now appeals.

The burglary charges involved two adjoining properties in Wilmington, 204 and 202 Poplar Street. In 204 there is a liquor store, while 202 is vacant and had been for some time prior to February 27, 1967, the date of the crimes.

On the day in question, the police arrested Porter coming out of a basement window of 202, and arrested Edward Tiller [1] in the basement of 202. It appeared that Porter and Tiller had gained entrance to 202 through a basement window previously broken by Porter. Porter proceeded to break a hole through the party wall into the liquor store in 204. A carton of liquor bottles was found in 202 next to the hole in the party wall, which was identified as having been taken from the liquor store.

The walls of vacant 202 were painted green, and the walls of 204 were painted pink. When arrested, Porter had particles of green and pink plaster and brick dust in his hair and sweater.

The first point made by Porter is that a statement by the trial judge to the jury following the election of Porter not to testi-

---

1. Tiller plead guilty to unlawful entry, and subsequently testified for the State.

fy in his own defense was prejudicial error. The trial judge said:

"Ladies and gentlemen of the jury, not knowing until this moment what the defense might consist of, it *now develops that there will be no defense* [2] and that therefore all that remains will be for counsel to sum up  *  *  *."

Upon the objection of defense counsel, the trial judge attempted to clarify his remark by stating:

" *  *  * I didn't want to infer that there is no defense. *The defense will be given by* [*Porter's counsel*] [3] and this is not to prejudge the defense in any way."

Porter argues that the referred-to statements amount to a violation of Article IV, § 19 of the Delaware Constitution, Del.C. Ann., prohibiting a judge from commenting on the facts, and of Article I, § 7 of the Delaware Constitution and of the 5th Amendment of the Federal Constitution guaranteeing the privilege of a defendant not to testify at his own trial.

■ We think, however, that while perhaps ineptly stated, the trial judge's remarks were intended to be to the effect that there would be no evidence on Porter's behalf, and were undoubtedly so accepted by the jury. In any event, if they do constitute error, that error, in the light of the State's case, was harmless.

Next, Porter argues that prejudicial error took place in violation of his rights under Article I, § 7 of the Delaware Constitution and the 5th Amendment of the Federal Constitution. The incident took place during the final summation by the State.

In summation, the Deputy Attorney General referred to a police officer's testimony that he found particles of pink plaster in Porter's hair and sweater. He then concluded, "Has the defendant offered you any reasonable explanation why that was there?" Again in the summation, the prosecutor, in referring to the same subject, stated that defense counsel "has not offered you any reasonable explanation." Upon objection, the trial judge instructed the jury to disregard the remarks.

■ Porter characterizes the remarks as comments upon his failure to testify in his own behalf. We think, however, to the contrary. The prosecutor, in connection with the presence of particles of pink plaster on Porter's person, was merely pointing out that no explanation contrary to the State's theory of how they came to be there was before the jury.

We think the matter was one for legitimate argument before the jury, and does not amount to commenting upon Porter's failure to take the stand. There is no error.

■ Porter next argues that the failure to remove from the view of the jury certain articles offered by the State but excluded from evidence for failure to prove the chain of possession, constitutes prejudicial error. The articles were two cartons of liquor and an ax. They were marked for identification but were never subsequently connected by the State with the whisky and the ax found at the scene of the crime.

We think the point is governed by our decision in Halko v. State, Del., 204 A.2d 628, when we held that there was no error in permitting a wine bottle to be marked for identification and remain in the view of the jury, which subsequently was never connected to the bottle observed between Halko's legs when he was taken from his car.

■ Next, Porter argues that the testimony of a police officer, to the effect that the particles of paint and plaster in his hair and sweater were similar in color to

---

2. The emphasized language is complained of as being prejudicial.

3. The emphasized language is complained of as being prejudicial.

the paint on the walls of the liquor store, was improperly admitted.

The matter arose thus: The police officer first testified that the colors were "identical". On objection that the police officer had not been qualified as an expert in the field of color, the trial judge struck the answer and instructed the jury to disregard it. The witness then testified that the colors were "similar".

We think a comparison of colors and a conclusion that they were "similar" does not call for expert testimony. Any non-expert with eyes to see may make the comparison. There was no error in accepting the answer.

■ We have found no merit in Porter's arguments as stated in the foregoing. It follows, therefore, that the State, by the proof of the breaking in of No. 202, the arrest of Porter on those premises, the hole knocked in the party wall of No. 204, the liquor removed from No. 204, the particles of plaster and paint on Porter's person "similar" in color to the walls of No. 204, and the testimony of the accomplice, Tiller, has conclusively established Porter's guilt of 4th degree burglary of No. 204 Poplar Street. The conviction on that count of the indictment is affirmed.

■ A different situation results with respect to the count charging 4th degree burglary of No. 202 Poplar Street. 11 Del. C., § 395 provides that whoever, with intent to commit a crime therein, breaks and enters a premise, shall be guilty of 4th degree burglary. Porter argues, and we agree, that there is no evidence that he intended to commit a crime in No. 202. It is apparent that he intended to use No. 202 solely as a hidden means of access to No. 204.

The State argues that the breaking into of No. 202 was accompanied by a general intent to take anything of value that might be found there. The argument, however, flies in the face of the proven fact that Porter's obvious intention was to gain secret access to No. 204. Furthermore, No. 202 had been vacant for some time, which fact must have been known to Porter who lived in the neighborhood, and there was nothing of value in the house, itself.

We think the State proved only a breaking and entry as to No. 202. This conclusion necessitates a reversal of the conviction of burglary as to No. 202. The question remains, however, as to what disposition to make of the charge.

By Article IV, § 11(1) (b), this Court is granted jurisdiction "to receive appeals * * * in criminal causes * * * and to determine finally all matters of appeal on the judgments and proceedings" of the Superior Court. This provision was part of an amendment of 1960 (52 Laws, Ch. 240) which permits review of both civil and criminal causes of the Superior Court with the powers provided for review of Chancery causes by Article IV, § 11(4). Sitting in review of Chancery causes, the powers of this Court are broad and may be used to modify the judgment below. Application of Delaware Racing Ass'n, 42 Del.Ch. 406, 213 A.2d 203.

Formerly, review of criminal causes by this Court was by way of writ of error, and was limited to the common law rule that if error was discovered, the power of the reviewing court was limited to a reversal of the conviction. Ballew v. United States, 160 U.S. 187, 16 S.Ct. 263, 40 L.Ed. 388; Rex v. Bourne, 7 Adol. & E. 58.

In many states the power to modify a criminal conviction by directing the entry of a judgment of conviction of a lesser contained crime where the error found does not pertain to the lesser crime, has been expressly conferred upon the appellate court by constitutional provision or statute. Many instances of the exercise of this power "to modify" can be found in the reports.

We think the amendment permitting review of criminal causes by this Court by way of appeal has the same effect as though we were expressly authorized "to modify" a criminal conviction. No other conclusion can be reached in view of the constitutional change authorizing review to the same extent and in the same manner as we review Chancery causes. We recognized this fact in Herhal v. State, Del., 243 A.2d 703.

Furthermore, we think the power to do so is inherent in an appellate court not laboring under the restrictions of a writ of error. This inherent power is recognized in a number of the states. See Wills v. State, 193 Ark. 182, 98 S.W.2d 72; Daniels v. State, 196 Miss. 328, 17 So. 2d 793; Forsha v. State, 183 Tenn. 604, 194 S.W.2d 463; Commonwealth v. Sterling, 314 Pa. 76, 170 A. 258, and State v. Laws, 3 Cr.L. 2121. The power should be exercised, however, only in a clear case in which no undue prejudice will result to the accused, bearing in mind the guarantees of due process and jury trial. Austin v. United States, 127 U.S.App.D.C. 180, 382 F.2d 129. This, in our opinion, is a clear case warranting exercise of the power.

It therefore follows that since the State failed to prove a case of 4th degree burglary of No. 202 Poplar Street against Porter, the conviction under that charge must be reversed; but it also follows that since the State did clearly and unquestionably prove a breaking into of No. 202 Poplar Street by Porter, we will remand with instructions on that charge.

The conviction of 4th degree burglary of No. 204 Poplar Street is affirmed.

The conviction of 4th degree burglary of No. 202 Poplar Street is reversed, and the cause remanded with instructions to enter a judgment of conviction of breaking and entering No. 202 Poplar Street with the imposition of an appropriate sentence.