Edward A. COLE, Dennis R. Wilburn,
Defendants Below, Appellants,

v.

STATE of Delaware, Plaintiff Below,
Appellee.

Supreme Court of Delaware.

Dec. 7, 1970.

Bernard Balick, Asst. Public Defender, Wilmington, for defendants below, appellants.

John G. Mulford, Deputy Atty. Gen., Wilmington, for plaintiff below, appellee.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

HERRMANN, Justice:

■ The question presented on this appeal is whether entering a building through a previously-broken window in a locked frame constitutes a "breaking" within the meaning of our Burglary Statute, 11 Del.C. § 391(a) (4).[1] The Superior Court held that it does and charged the jury accordingly. The defendants were convicted of burglary in the fourth degree, a felony. They appeal.

We disagree that entering a building through a previously-broken window brings the offense within the meaning of § 391(a) (4), though the frame be locked. It is our opinion that such offense constitutes, at most, an unlawful entry under 11 Del.C. § 396,[2] a misdemeanor.

---

1. 11 Del.C. § 391(a) (4) provides that the word "break" means and includes:
   "Entering such a building by or through any pipe, chimney, or other opening * * *."

2. 11 Del.C. § 396 provided:
   "*§ 396. Unlawfully entering building*
   "Whoever, under circumstances or in a manner not amounting to a burglary, enters a building, or any part thereof, with intent to commit a crime, shall be

In order to fall within the scope of § 391 (a) (4), the broken window here involved must be deemed to be an "other opening", as that term is therein used. The term is ambiguous, especially in the light of § 396. Clearly, it cannot be read literally and remain within the accepted concept of a "breaking"; for if read literally it would include an open doorway. The term must be read in the light of the common law definition of burglary. Under that definition, for example, entry through a chimney was deemed a breaking, "for that is as much closed as the nature of things will permit." 4 Blackstone's Commentaries, § 226. Therein we find the rationale that gives meaning to the statutory phrase "pipe, chimney, or other opening" as used in the "breaking" definition of our Burglary Statute. A broken window, though the frame be locked, is not an "opening" that is "as much closed as the nature of things will permit." It could have been boarded-up or otherwise closed to prevent entry. A "pipe, chimney, or other opening", within the meaning of § 391(a) (4), may not be so closed. Compare Tremble v. State, 24 Ga.App. 26, 99 S.E. 544 (1919).

Accordingly, we hold that it was prejudicial error to charge the jury in the instant case that the open window was an "other opening" within the meaning of that term as used in our Burglary Statute. The judgments below, therefore, must be reversed.

■ We find in the evidence, however, a clear case of unlawful entry in violation of § 396, the latter being a lesser offense included within § 391. Therefore, the cause is remanded with directions to enter judgments of conviction for unlawful entry under § 396. See Porter v. State, Del. Supr., 243 A.2d 699 (1968); Herhal v. State, Del.Supr., 243 A.2d 703 (1968).

---

fined not less than $100, nor more than $500, or imprisoned not more than 3 years, or both."

It is to be noted that the penalty for violation of § 396 has been enlarged now to a maximum of 5 years imprisonment.