147 N.J. Super. 221 (1977)
371 A.2d 89
STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
RICHARD ALLEN HAUSER AND NESTOR PALACIO, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Submitted January 3, 1977.
Decided February 7, 1977.
*223 Before Judges BISCHOFF, MORGAN and RIZZI.
Mr. Edward W. McGrath, Union County Prosecutor, attorney for appellant (Messrs. Glenn R. Moran and Michael H. Kessler, Assistant Prosecutors, on the briefs).
Mr. Stanley C. Van Ness, Public Defender, attorney for respondents (Mr. Eldridge Hawkins, designated counsel for *224 Richard Allen Hauser, retained counsel for Nestor Palacio, of counsel; Mr. Jules L. Rossi on the brief).
The opinion of the court was delivered by BISCHOFF, J.A.D.
Defendants Richard Allen Hauser and Nestor Palacio were indicted along with Mark Barondess in a three-count indictment charging them with breaking and entry or entering without breaking with intent to steal narcotics,[1] in violation of N.J.S.A. 2A:119-8.1(a) [count 1]; larceny of narcotics, in violation of N.J.S.A. 2A:119-8.1(c) (Count 2), and possession of controlled dangerous substances, in violation of N.J.S.A. 24:21-20(a), (1) (Count 3). At the conclusion of a trial by jury, defendants were convicted on all three counts. They moved for and obtained a judgment of acquittal notwithstanding the verdict as to counts 1 and 2. As to count 3, there was a finding of guilt without judgments of conviction for both defendants, and a conditional discharge was entered under N.J.S.A. 24:21-27.
The State appeals, seeking reinstatement of the judgments of conviction of both defendants on counts 1 and 2, or, in the alternative, the entry of a judgment of conviction of a lesser included offense.
The case of the State against these defendants was based primarily on the testimony of Barondess, who had previously entered guilty pleas to charges of entering without breaking and possession of drugs.
Barondess testified that he saw defendant Palacio on the morning of the offense and was asked by him if he (Barondess) "could get him some ups." Barondess replied that he could get them from his father's drug store in Westfield. On numerous prior occasions Barondess had given Valiums to Palacio, and the three had previously exchanged drugs.
Pursuant to arrangements with Palacio, Barondess telephoned at 4 p.m. and arranged to meet him at the Running *225 Brook Inn in Long Branch at 7 p.m. At the meeting at the Inn Palacio was accompanied by defendant Hauser. Nothing was discussed except that Barondess told Palacio that he would pick him up at his apartment at 9 p.m. that evening. Barondess went to Palacio's apartment at the appointed time and both defendants got into the car. Barondess then proceeded to drive north toward Westfield. During the 45-minute drive they discussed a planned signal with the car lights to let Barondess, who would be in the drugstore, know when it would be all clear for him to come out. They drove to the street on which the drugstore was located. It was now approximately 10:30. Barondess, alone, got out of the car and, using a key which he had previously, and without permission, duplicated from his father's, entered the front door. Once inside, Barondess went to the prescription department, took various pills, put them in a paper bag and placed the bag in a window in the rear of the store. He went out the front door and got into the passenger side of the car alongside Palacio. Barondess estimated that he was in the store for approximately 20 minutes. Hauser, who had taken over behind the wheel, drove the car around to the rear of the building where they saw a police car. They then drove to a nearby tavern where they discussed what to do next. They decided to go back to the store to retrieve the bag from the window.
Unknown to Barondess and defendants, however, the police had responded to a burglar alarm at Baron's Drug Store. Officer McKenna had observed defendants' vehicle and ran a license check on it. He found the bag of drugs and turned it over to Detective Lieberman, who removed the contents of all the bottles except one labeled Benzedrine and replaced the bag, which now contained one bottle labeled Benzedrine and a number of empty vials. Lieberman then directed that a stakeout be set up.
At about midnight Barondess and defendants returned to the rear of the drug store. Barondess retrieved the bag from the window and got back into the car. Officer Coles ran *226 toward the car on foot as police cars blocked the exit routes. The bag and a set of keys were thrown from the car and landed at Coles' feet. Barondess and defendants were thereupon arrested.
A chemist produced by the State testified concerning his analysis of the drugs seized. While the jury was not informed as to the significance of the names of the drugs, two were narcotics and the balance were controlled dangerous substances.
The trial judge granted defendants' motion for an acquittal n.o.v. because "there was no testimony from which a jury could find, as required by N.J.S.A. 2A:119-8.1, that there was any intention on the part of anyone other than Barondess to steal narcotic drugs."[2] He distinguished the intent to steal necessary to prove a violation of N.J.S.A. 2A:119-2(a)[3] from the intent necessary to prove a violation of N.J.S.A. 2A:119-8.1, and rejected the State's argument that Hauser and Palacio could be guilty as aiders and abettors in the following language:
*227 To justify the conviction of the defendants in this case a jury would have to find that the defendants Richard Hauser and Nestor Palacio were active partners in the crime's basic element under N.J.S. 2A:119-8.1 and that basic element is an intent to steal narcotic drugs. The only evidence in this case indicates an agreement on the part of the three defendants to break and enter with intent to steal controlled dangerous substances but not any participation by the defendants in the basic element of the crime of an intent to steal narcotic drugs. As pointed out in State v. Fair, 45 N.J. 77, 95, if two or more parties enter into the commission of a crime with the same intent and purpose each is guilty to the same degree but each may participate in the criminal act with a different intent. Thus each defendant may be guilty of a higher or lower degree of crime than the other, the degree of guilt depending entirely upon his own actions, intent and state of mind. In this case the State having elected to proceed with the more difficult task of proving a violation of N.J.S. 2A:119-8.1b and c is required to establish beyond a reasonable doubt that the defendants aided and abetted one another in the commission of the offense. There was no testimony before the jury from which a jury could find that the defendants Richard Hauser and Nestor Palacio ever participated in a conspiracy with Mark S. Barondess to steal narcotic drugs.
Defendants, in opposition to this appeal by the State, argue that R. 2:3-1(b), which grants the State a right to appeal from a judgment of acquittal entered in accordance with R. 3:18-2, is unconstitutional, as being violative of the double jeopardy provisions of both the United States and New Jersey Constitutions. This contention is without merit. State v. Kleinwaks, 68 N.J. 328 (1975).
Our review of the record satisfies us that the trial judge was correct in concluding that there was insufficient evidence of any intent on defendants' part to steal narcotics, State v. Johnson, 42 N.J. 146, 162 (1964), and the judgments of conviction for breaking and entry with intent to steal narcotics and larceny of narcotics were properly vacated. State v. Kleinwaks, supra, 68 N.J. at 335; State v. Kluber, 130 N.J. Super. 336, 341-342 (App. Div. 1974); cf. State v. Reyes, 50 N.J. 454, 458-459 (1967).
The State argues that if defendants are not guilty of the crimes charged, they are guilty of the lesser included offenses of breaking and entry or entry without breaking, *228 in violation of N.J.S.A. 2A:94-1.[4] This is based on the contention that proof of the violation of N.J.S.A. 2A:94-1 requires less than all of the elements required to establish a violation of N.J.S.A. 2A:119-8.1(b), citing State v. Saulnier, 63 N.J. 199, 205 (1973), where a conviction is set aside because of a defect in the proofs or because all of the elements of the offense charged have not been established. This court has the power to enter a judgment of conviction for a lesser included offense where the jury verdict, of necessity, constitutes a finding that all the elements of a lesser included offense have been properly established and no prejudice to the defendant will result, State v. Washington, 60 N.J. 170, 173 (1972); State v. Fungone, 134 N.J. Super. 531, 536 (App. Div. 1975); Cole v. State, 272 A.2d 339 (Del. Sup. Ct. 1970); Herhal v. State, 243 A.2d 703, 706 (Del. Sup. Ct. 1968); Hutchinson v. State, 225 N.E.2d 828, 834 (Ind. Sup. Ct. 1967); State v. Rainwater, 553 P.2d 1085 (Ore. Ct. App. 1976); People v. Horrocks, 549 P.2d 400 (Colo. Sup. Ct. 1976), but this power will only be exercised in a clear case, Herhal v. State, supra.
This rule applies even though the jury was not instructed on the lesser included offense if (1) defendant has been given his day in court, (2) all the elements of the lesser included offense are contained in the more serious offense and (3) defendant's guilt of the lesser included offense is implicit in, and part of, the jury verdict. People v. Patterson, 532 P.2d 342, 345 (Colo. Sup. Ct. 1975).
Here, the only infirmity in the judgments of conviction entered on the jury verdicts was lack of proof of intent to steal narcotics, an essential element under N.J.S.A. 2A:119-8.1. There was, however, abundant proof that defendants *229 were guilty, as aiders or abettors, of breaking and entry or entering without breaking with intent to steal in violation of N.J.S.A. 2A:94-1[5] and guilt of that crime is implicit in the jury verdict.[6]
The judgment n.o.v. is reversed and the matter is remanded to the trial court for the entry of judgments of conviction as to both defendants of the violation of N.J.S.A. 2A:94-1 and sentencing thereon.
NOTES
[1] While the issue has not been raised, we point out that a statute may make it a crime to do several things, describing them disjunctively, but if an indictment embraces more than one of the crimes mentioned in a single count, it must use the conjunctive "and" when the disjunctive "or" appears in the statute. State v. Astore, 21 N.J. Super. 376, 379 (App. Div. 1952).
[2] N.J.S.A. 2A:119-8.1 provides:

Any person who:
a. Willfully takes or steals any narcotic drugs from the person of another, with or without his knowledge, or is present aiding or abetting therein; or
b. Willfully enters without breaking, or breaks and enters any store, office, building, structure, room, ship, vessel, car, vehicle or airplane with intent to take or steal any narcotic drugs, or is present aiding or abetting therein; or
c. Steals any narcotic drugs of another 
Is guilty of a high misdemeanor and shall be punished by a fine of not more than $5,000.00 or by imprisonment for not more than 15 years, or both.
[3] N.J.S.A. 2A:119-2(a) provides:

Any person who: steals any money, goods, chattels or other personal property of another * * * Is guilty of a misdemeanor, if the price or value of such property be under $200.00, and if the price or value thereof be $200.00 or over such person is guilty of a high misdemeanor.
[4] N.J.S.A. 2A:94-1 provides that:

Any person who willfully or maliciously breaks and enters, or enters without breaking, any building, structure, room, ship, vessel, car, vehicle or airplane, with intent to kill, kidnap, rob, steal, commit rape, mayhem or battery, is guilty of a high misdemeanor.
[5] N.J.S.A. 2A:119-2(a), mentioned by the trial judge, is not applicable because there was an absence of any proof as to the value of the drugs.
[6] In their brief defendants contend that it was error for the trial judge to deny their motion for a judgment n.o.v. on the third count of the indictment, arguing that the verdict was contrary to the weight of the evidence. This is not properly before us for defendants did not timely cross-appeal. However, we have examined the record and are satisfied the contention is without merit.