750 A.2d 171 (2000)
330 N.J. Super. 535
STATE of New Jersey, Plaintiff-Respondent,
v.
Earl MOORE, Defendant-Appellant.
Superior Court of New Jersey, Appellate Division.
Submitted December 7, 1999.
Decided May 9, 2000.
*172 Ivelisse Torres, Public Defender, for defendant-appellant (Lynn J. Hershkovits, Designated Counsel, of counsel and on the brief).
Donald Campolo, Acting Essex County Prosecutor, for plaintiff-respondent (Robert I. Cerefice, Assistant Prosecutor, of counsel and on the brief).
Before Judges WALLACE, Jr., and LESEMANN.
The opinion of the court was delivered by LESEMANN, J.A.D.
This appeal raises two significant issues, one relating to an alleged overcharging of the jury respecting receipt of a stolen automobile (N.J.S.A. 2C:20-7) and the lesser offense of "joyriding" (N.J.S.A. 2C:20-10); and the other dealing with the elements of proof necessary to convict under either of those statutes. We conclude that although defendant was indicted for the more serious offense, and the trial court charged the jury respecting that offense, the court could nevertheless thereafter vacate defendant's conviction for receipt of a stolen automobile and find defendant guilty of the lesser joyriding offense which had also been submitted to the jury. We conclude further, that the evidence was sufficient to sustain a conclusion that defendant knew the vehicle in question was being operated without the consent of its owner (even though there was no proof that the vehicle had been stolen), and thus we affirm defendant's *173 conviction and sentence for joyriding.
In the early morning hours of August 4, 1996, two Newark police officers on routine patrol were looking for a particular Honda automobile. They saw the automobile approaching them but when the driver apparently observed the police car, the Honda turned and proceeded to drive the wrong way on a one way street. The police attempted to stop the vehicle, but the car drove away and a high speed chase ensued. After some miles, the vehicle crashed into a tree, and three or four men ran from the car, with two remaining in the rear seat. Defendant, who was eventually captured, was one of those who ran. The police testified that the vehicle had been driven by one Al-Raheem Crawley not by defendant. While the police were able to testify that defendant had been in the car, they could not specify which seat he occupied. They did say that when he was apprehended, he gave his name as Subor Harris, and said he was a minor, although he was not. The police also testified that the ignition had been ripped out of the car and the ignition lock had been "popped." The car was being driven without an ignition key.
Defendant was charged under a multi-count indictment which included receiving stolen property (the Honda automobile), (N.J.S.A. 2C:20-7), and fourth degree resisting arrest (N.J.S.A. 2C:29-2) which the trial court reduced to a disorderly persons offense during trial.[1] With the agreement of both sides, the trial court also instructed the jury on the joyriding statute, and told the jury that if it did not find defendant guilty of receiving stolen property, it could consider his guilt of that lesser offense. However, the jury found the defendant guilty of receiving stolen property and thus did not consider the joyriding offense.
Following trial, defendant moved to set aside the verdict, asking that the conviction be vacated in its entirety or, in the alternative, that it be reduced to the lesser joyriding offense. His primary arguments were that the State did not prove defendant had ever "received" the vehicle since he had no control over it, and that the State had not proved the vehicle was stolen. The court, however, concluded that although there had been no proof that the vehicle was actually stolen, there was proof from which the jury could conclude that defendant knew the vehicle was "probably stolen," and that was sufficient. The court agreed with the defendant on his other argument: that there was no proof that defendant had control over the vehicle; that accordingly he could not be found guilty of receiving the stolen automobile; but he could be found guilty of the lesser joyriding offense. The court thus vacated the jury's verdict and reduced defendant's conviction to one for joyriding. On that basis, the court then sentenced the defendant to a term of eighteen months imprisonment.
On appeal, defendant raises two arguments:
POINT ITHE TRIAL COURT COMMITTED PLAIN ERROR IN INSTRUCTING THE JURY AS TO THE CRIME OF RECEIVING STOLEN PROPERTY BECAUSE THERE WAS INSUFFICIENT EVIDENCE TO SUPPORT A CONVICTION.
POINT IITHE COURT BELOW COMMITTED ERROR IN ENTERING A JUDGMENT OF CONVICTION OF THE FOURTH DEGREE CHARGE OF UNLAWFUL TAKING OF A MEANS OF CONVEYANCE AND IN FAILING TO FULLY GRANT DEFENDANT'S *174 MOTION FOR JUDGMENT OF ACQUITTAL PURSUANT TO N.J.S.A. 3:18-2 BECAUSE THE EVIDENCE INTRODUCED AT TRIAL WAS INSUFFICIENT TO SUPPORT A CONVICTION.

I
The State does not disagree with defendant's argument that it failed to prove defendant guilty of receiving stolen property. Impliedly, it acknowledges it did not show that defendant had control of the automobile and thus that he had "received" the vehicle within the meaning of the applicable statute, N.J.S.A. 2C:20-7. See State v. McCoy, 116 N.J. 293, 298-303, 561 A.2d 582 (1989) (guilt of receiving stolen automobile requires proof of "possession" of the automobile, and "possession" requires "intentional control and dominion"; a "mere passenger is not in possession of a car").
The State argues, however, that the jury's verdict demonstrates that it found all the elements necessary for a conviction under the joyriding statute, N.J.S.A. 2C:20-10, and thus the court properly substituted a conviction for that lesser offense. As authority for the court's action it cites State v. Hauser, 147 N.J.Super. 221, 371 A.2d 89 (App.Div.) certif. denied, 75 N.J. 27, 379 A.2d 258 (1977).
In Hauser, the defendants had been convicted of both breaking and entry with intent to steal narcotics, and larceny of those narcotics. The trial court concluded there had been no proof of an intention to steal narcotics and thus it set aside the conviction. On appeal by the State, this court agreed with the trial court's finding that there had been no proof of an intent to steal narcotics. However, it also agreed with the State's claim that there had been ample proof of breaking and entry and larceny (albeit not larceny of narcotics) and that the jury's verdict necessarily included findings that all elements of the lesser included offenses (breaking and entry and larceny generally) had been proved beyond a reasonable doubt. Accordingly, this court held that the trial court should not have set aside the guilty verdict in its entirety, but rather should have reduced the conviction to the lesser included offenses:
... [W]here a conviction is set aside because of a defect in the proofs or because all of the elements of the offense charged have not been established[,]... [t]his court has the power to enter a judgment of conviction for a lesser included offense where the jury verdict, of necessity, constitutes a finding that all the elements of a lesser included offense have been properly established and no prejudice to the defendant will result....[2]
[Hauser, supra, 147 N.J.Super. at 228, 371 A.2d 89 (citations omitted).]
The State claims that the Hauser rule applies here; that the jury verdict necessarily includes a finding that all the elements of a "joyriding" violation are present; and thus the trial court correctly reduced the conviction to the lesser offense of joyriding, rather than vacating it in its entirety. Defendant's answer to that argument, and his claim that the trial court was barred from doing what it did, rests almost entirely on his reading of State v. Christener, 71 N.J. 55, 362 A.2d 1153 (1976). While the Court's language in that case would, if read in isolation, provide some support for defendant's argument, the Supreme Court's later holding in State v. Thomas, 76 N.J. 344, 365-366, 387 A.2d 1187 (1978), modified what might otherwise be understood as the holding of Christener and undercuts defendant's argument.
In Christener, defendant was indicted for murder and the Court charged the jury *175 on that offense. It also submitted instructions concerning a possible conviction for manslaughter and the jury in fact found the defendant guilty of manslaughter. The Supreme Court found there had been insufficient evidence to support a murder conviction, and thus the murder charge should not have been submitted at all. Even though the jury convicted only of manslaughter, the Court noted that the "overcharge" had impliedly invited the jury to reach a compromise verdict on the lesser manslaughter charge:
The primary concern ... is the potentially prejudicial influence that an unsupported instruction will wield in jury deliberations. For instance, such instructions will often result in an unwarranted compromise verdict even if they do not produce a conviction on the more serious charge.
[State v. Christener, supra, 71 N.J. at 71, 362 A.2d 1153.]
The Court summed up its conclusions as follows:
These policy considerations impel us to provide needed guidance on this substantive and crucial question. Henceforth, it should be regarded as error for a trial judge to deliver a jury instruction on a criminal charge for which there is no, or insufficient evidence to support the instruction. It must be assumed that the jury inferred by the giving of such an instruction that the elements of that charge were present in the case. Jurors are not skilled in legal techniques. They welcome an opportunity to compose differences and agree upon a compromise verdict.

[Id. at 73, 362 A.2d 1153.]
That language was significantly modified in the Court's later opinion in State v. Thomas, supra. There, after reversing defendant's murder conviction because of erroneous jury instructions, the Court seemed to go out of its way to clarify and limit the language it had used in Christener just two years earlier. It began its discussion by saying that,
The holding in Christener does not stand for the proposition that reversal is mandated every time a judge charges a jury about a crime for which there may be insufficient evidence to support a conviction.
[State v. Thomas, supra, 76 N.J. at 365, 387 A.2d 1187.]
The Court continued:
Thus, we adopt the rule that the giving of an instruction that correctly states the law, but is inapplicable to the facts or issues before the court is error, but that prejudice must be shown in order to constitute it reversible error.

[Ibid.]
In the case before it, the Court concluded the defendant "was not prejudiced," and therefore, charging an offense not justified by the evidence constituted, at most, harmless error.
Thus, in order to prevail on his argument, defendant here must show some prejudice, or at least possible prejudice, from the alleged overcharging. There is no such prejudice or even possible prejudice here. As the State correctly notes, the jury found defendant guilty of the more serious offense. There was no compromise. The error which the trial court subsequently acknowledged, and which we also find, can be cured by reversing that conviction and substituting the lesser offense as the trial court did here. There is no basis for reversing the entire conviction, and the language of Christener, as clarified and modified by that employed in Thomas, does not prohibit the reasonable, fair and rational action taken by the trial court.[3]

*176 II
The trial court concluded, and the State argues on appeal, that the jury verdict necessarily included a finding of all the elements of a "joyriding" offense, in violation of N.J.S.A. 2C:20-10d. We agree.
N.J.S.A. 2C:20-10d reads as follows:
A person commits a crime of the fourth degree if he enters and rides in a motor vehicle knowing that the motor vehicle has been taken or is being operated without the consent of the owner or other person authorized to consent.[4]
In considering the elements of that offense, we note first that there clearly was ample proof that defendant had been riding in the vehicle at the time in question. That fact was undenied.
There was also abundant proof that defendant entered and rode in the vehicle knowing it had "been taken or ... [was] being operated without the consent of the owner...." Defendant's argument that the State had not proven the vehicle was stolen may be correct, but it is also immaterial. The statute does not deal with a stolen vehicle. To show "joyriding," it is sufficient to show that defendant knew that neither the owner (nor any other authorized person) had consented to the taking of the vehicle.
Further, in considering what the defendant knew, one must consider the definition in N.J.S.A. 2C:2-2(b)(2), that, "A person acts knowingly with respect to the nature of his conduct or the attendant circumstances" if he is "aware of a high probability of" the existence of such circumstances. Thus, if defendant was "aware of a high probability" that the vehicle had been taken and was being operated "without the consent of the owner," his riding in that vehicle constituted joyriding.
Here, there was more than sufficient evidence to support such a conclusion. The vehicle was being driven with a broken ignition, with wires pulled loose and the ignition lock "popped." It had no key. When the driver saw the approaching police car, he made an obvious attempt to avoid contact, driving the wrong way on a one way street and then engaging in a high speed effort to escape. The defendant also made an attempt to escape by running from the vehicle, and, when apprehended, gave a fictitious name and claimed he was a juvenile.
Further, a finding of such "knowledge" was necessarily implicit in the jury's verdict. The trial court had told the jury that, in order to find the defendant guilty of receiving a stolen vehicle, it would have to be satisfied that the defendant knew the car was "probably stolen." The jury did find the defendant guilty of receiving a stolen vehicle. Although that conviction must be set aside for failure to prove the element of possession or control, the finding of "knowledge" may stand and provide the basis for conviction of the lesser offense. See Hauser, supra, and the discussion under Point I above. And, the finding of knowledge that the vehicle was "probably stolen" certainly includes and subsumes a finding that defendant knew *177 there was a "high probability" that the car was being driven without the owner's consent.
For the foregoing reasons, we are satisfied that the trial court properly decided defendant's post-trial motion and reduced his conviction from receipt of stolen property to the fourth degree offence embodied in N.J.S.A. 2C:20-10d. Thus, that conviction and the sentence imposed for it are affirmed. As requested by the State, the matter is remanded to the trial court to attend to the apparently overlooked task of sentencing defendant for the disorderly persons offense of resisting arrest.
Affirmed in part; remanded in part.
NOTES
[1] The indictment also included unrelated charges of burglary, receiving a stolen Jeep Cherokee vehicle and other offenses which were dismissed before trial.

The trial court itself found defendant guilty of the disorderly persons offense. Defendant does not appeal that determination. The State notes, however, that the court apparently overlooked the need to sentence defendant for that conviction and asks that we remand the matter for that limited purpose.
[2] This court noted that the principle it set out "applies even though the jury was not instructed on the lesser included offense." Hauser, supra, 147 N.J.Super. at 228, 371 A.2d 89. Here, as noted, the jury was instructed on the lesser included offense.
[3] It is significant that Hauser was decided after Christener. If (even before Thomas) Christener had to be read as defendant reads itto mean that charging an offense later found to have been unproven is ipso facto reversible errorthe Hauser holding could not have been squared with the controlling rule of Christener. The Christener decision is not mentioned in Hauser. We think it likely that the gloss expressly provided by Thomas (a requirement that the overcharging must have caused some prejudice) was probably implicit in Christener from the outset.
[4] Subsection b of N.J.S.A. 2C:20-10 defines a joyriding offense which is somewhat different than that described in subsection d. It provides that,

A person commits a crime of the fourth degree if, with purpose to withhold temporarily from the owner, he takes, operates or exercises control over a motor vehicle without the consent of the owner or other person authorized to give consent.
The trial court submitted both subsections b and d to the jury as lesser offenses, without separately identifying the elements of each. However, in its post-trial decision reducing the conviction, the court made clear its conclusion that subsection d is the applicable provision. The State also emphasizes subsection d and we are satisfied that d is the applicable provision rather than b.