**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3151
_____

PRISCILLA SMITH,
                  Appellant

v.

THE TOWNSHIP OF CLINTON; CLINTON POLICE DEPARTMENT; POLICE
OFFICER JOSEPH SANGIOVANNI; JOHN/JANE DOE, Individually, who were each
involved in the incident resulting in Plaintiff's false arrest, search, seizure, detention
and/or injuries
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. Civil No. 3-17-cv-00935)
District Judge:  Honorable Michael A. Shipp
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 1, 2019

Before:  AMBRO, GREENAWAY, Jr., and PORTER, <u>Circuit</u> <u>Judges</u>

(Opinion filed: November 6, 2019)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Pro se appellant Priscilla Smith appeals from the District Court's order denying her motion for summary judgment and granting summary judgment in favor of the defendants in a civil rights action that Smith brought pursuant to 42 U.S.C. § 1983. For the reasons discussed below, we will affirm.

I.

Because we write primarily for the parties, we will recite only the facts necessary for our discussion. On December 4, 2015, Police Officer Joseph Sangiovanni was on duty in a police car driving on Route 78 in New Jersey. He saw a van with Pennsylvania license plates traveling in the left lane, and he conducted a random computer inquiry on the vehicle's registration. He discovered that the vehicle had been marked as stolen in the National Crime Information Center database on December 3, 2015. The database showed that the New York City Police Department was the reporting agency and that the vehicle was registered to Bernard Hayes in Pennsylvania. The database did not identify a suspected thief or indicate that there was only one suspected thief.

Officer Sangiovanni confirmed with his dispatch that the van was reported stolen. He then pulled the van over and waited for backup officers to arrive. At that time, Edward Carmichael was in the driver's seat of the van, Bianca Mitchell was in the front passenger's seat, and Smith was in the back seat with Leslie Fox. After the backup officers arrived, the occupants were ordered to exit the van. Carmichael and Mitchell

2

held identification from the Bronx, while Smith and Fox were from Brooklyn.

Smith told the officers that she had paid Carmichael to drive her to pick up her daughter's car. Smith said that she believed that Carmichael was authorized to use the van. Carmichael told the officers that he was a cousin of the van's owner, Hayes, who had agreed to loan the vehicle to Carmichael around November 23, 2015. Hayes later demanded that the vehicle be returned, but Carmichael had not complied with that request. Hayes eventually reported the vehicle as stolen.

One of the backup officers, Sergeant Thomas DeRosa, placed a call to the Hunterdon County Prosecutor's office to ask what charges should be brought against which occupants. Assistant Prosecutor Sweeney advised Sergeant DeRosa that, given the limited ability that anyone at the scene had to corroborate the claims being made by the various occupants, he believed that there was probable cause to arrest all of the occupants. The occupants were transported to the police station, a bail hearing was conducted, and Smith's bail was set at $7,500. She was unable to make bail and she remained in jail for several days. On January 29, 2016, the Hunterdon County Prosecutor's office dismissed the criminal charge against Smith.

In February 2017, Smith filed a complaint in the District Court against Officer Sangiovanni, the Clinton Township Police Department (the "Police Department"), and the Township of Clinton (the "Township"). She primarily raised § 1983 claims, and similar claims under New Jersey law, against Officer Sangiovanni for false arrest,

3

malicious prosecution, and false imprisonment.  Smith also raised related claims for municipal liability against the Police Department and the Township under Monell v. Department of Social Services, 436 U.S. 658 (1978).  The District Court denied Smith's motion for summary judgment and granted summary judgment to the defendants, determining that the arrest was supported by probable cause and that Officer Sangiovanni was entitled to qualified immunity.  This appeal ensued.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291.  We exercise plenary review over the District Court's order granting summary judgment.  See Kaucher v. County of Bucks, 455 F.3d 418, 422 (3d Cir. 2006).  Summary judgment is proper when, viewing the evidence in the light most favorable to the nonmoving party and drawing all inferences in favor of that party, there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); Kaucher, 455 F.3d at 422–23.  A genuine dispute of material fact exists if the evidence is sufficient for a reasonable factfinder to return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  We may affirm on any basis supported by the record.  See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

## III.

4

Smith challenges the District Court's ruling on her § 1983 claims, all of which were based on her allegation that the arrest was not supported by probable cause. See Groman v. Twp. of Manalapan, 47 F.3d 628, 634 (3d Cir. 1995) (explaining that, to prevail on a false arrest claim, a plaintiff must demonstrate that the police lacked probable cause); id. at 636 (stating that an arrest based on probable cause cannot become the source of a claim for false imprisonment); Estate of Smith v. Marasco, 318 F.3d 497, 521 (3d Cir. 2003) (explaining that a party must show an absence of probable cause to prevail on a claim for malicious prosecution).[1]

We will affirm the District Court's denial of Smith's motion for summary judgment on the claims against Officer Sangiovanni, and the District Court's grant of summary judgment in favor of Officer Sangiovanni, on qualified immunity grounds. Qualified immunity shields government officials "from liability for civil damages insofar

---

[1] To the extent that Smith arguably raised claims beyond those stemming from her claim that she was arrested without probable cause, those claims are waived, as Smith has not raised or argued those issues on appeal. See United States v. Pelullo, 399 F.3d 197, 222 (3d Cir. 2005) ("[A]n appellant's failure to identify or argue an issue in his opening brief constitutes waiver of that issue on appeal."). Smith has also waived any argument regarding her related claims under New Jersey law. In any event, those claims would fail for substantially the same reasons that her § 1983 claims fail. See Morillo v. Torres, 117 A.3d 1206, 1213–14 (N.J. 2015) (explaining that the qualified-immunity analysis is the same for a § 1983 claim and a corollary claim under New Jersey's Civil Rights Act). Smith has also failed to make any argument regarding the District Court's discovery rulings. In any event, we note that the District Court did not abuse its discretion in those rulings. See Anderson v. Wachovia Mortg. Corp., 621 F.3d 261, 281 (3d Cir. 2010) ("We review a district court's discovery orders for abuse of discretion, and will not disturb such an order absent a showing of actual and substantial prejudice.").

as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Qualified immunity applies unless: (1) the facts alleged by the plaintiff show the violation of a constitutional right; and (2) the law was clearly established at the time of the violation. See Pearson v. Callahan, 555 U.S. 223, 232 (2009). The standard "gives ample room for mistaken judgments by protecting all but the plainly incompetent or those who knowingly violate the law." Kelly v. Borough of Carlisle, 622 F.3d 248, 254 (3d Cir. 2010) (quotation marks and citations omitted).

In Kelly, we held that "a police officer who relies in good faith on a prosecutor's legal opinion that the arrest is warranted under the law is presumptively entitled to qualified immunity from . . . claims premised on a lack of probable cause." 622 F.3d at 255–56. The "plaintiff may rebut this presumption by showing that, under all the factual and legal circumstances surrounding the arrest, a reasonable officer would not have relied on the prosecutor's advice." Id. at 256. "Whether it would have been clear to a reasonable officer that probable cause justified [an] arrest requires an examination of the crime at issue." Id. (quotation marks and citation omitted). "Because probable cause is an objective standard, an arrest is lawful if the officer had probable cause to arrest for any offense, not just the offense cited at the time of arrest or booking." District of Columbia v. Wesby, 138 S. Ct. 577, 588 (2018) (citation omitted).

6

Here, Officer Sangiovanni relied in good faith on Assistant Prosecutor Sweeney's opinion that there was probable cause to arrest Smith. Under N.J.S.A. 2C: 20–10d, a person commits the offense of "Unlawful Taking of Means of Conveyance" if she enters and rides in a motor vehicle while knowing that "neither the owner (nor any other authorized person) had consented to the taking of the vehicle." State v. Moore, 750 A.2d 171, 176 (N.J. Super. Ct. App. Div. 2000).[2] Although Smith explained that she did not know that Carmichael lacked consent to take the vehicle, "probable cause does not require officers to rule out a suspect's innocent explanation for suspicious facts." Wesby, 138 S. Ct. at 588. Officer Sangiovanni was confronted with the fact that he had pulled over a vehicle that was reported stolen in New York City. All of the vehicle's occupants, including Smith, were from New York City and appeared to know each other well. And one of the occupants, Carmichael, acknowledged that he had refused the owner's request that the vehicle be returned. Under these circumstances, it was reasonable for Officer Sangiovanni to rely on the prosecutor's advice that there was probable cause to arrest Smith. See Kelly, 622 F.3d at 256; cf. Maryland v. Pringle, 540 U.S. 366, 373 (2003) (explaining that it was "reasonable for the officer to infer a common enterprise among the

---

[2] Under New Jersey law, "'[a] person acts knowingly with respect to the nature of his conduct or the attendant circumstances' if he is 'aware of a high probability of' the existence of such circumstances." Moore, 750 A.2d at 176 (quoting N.J.S.A. 2C:2–2(b)(2)).

7

three men" in an automobile containing drugs).[3]  Thus, Officer Sangiovanni is entitled to qualified immunity.

Our conclusion that Officer Sangiovanni is entitled to qualified immunity does not resolve the claims against the municipal defendants, which cannot assert a qualified immunity defense to claims under § 1983.  See Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist., 877 F.3d 136, 145 (3d Cir. 2017) (citing Owen v. City of Independence, 445 U.S. 622, 638 (1980)).  To succeed on a Monell claim of municipal liability, Smith was required to show that her alleged injury resulted from an official policy or custom.  See Estate of Roman v. City of Newark, 914 F.3d 789, 798 (3d Cir. 2019).  Municipal liability can also be established by a failure to train that "reflects a deliberate or conscious choice" which "amounts to deliberate indifference to the rights of persons with whom the police come into contact."  See id. (quotation marks and citation omitted).

Here, the municipal defendants supported their motion for summary judgment with the facts of Smith's arrest, which demonstrate that she was not arrested pursuant to any policy or custom of arresting all the occupants of a stolen vehicle.  Rather, Smith was arrested only after the police officers consulted with a prosecutor and considered the

---

[3] The fact that the criminal charge against Smith was later dismissed does not establish that there was no probable cause for the arrest, as probable cause "does not require the same type of specific evidence of each element of the offense as would be needed to support a conviction."  Reedy v. Evanson, 615 F.3d 197, 211 (3d Cir. 2010) (quotation marks and citation omitted).

circumstances. The defendants also provided evidence of Officer Sangiovanni's extensive training. In response and in support of her motion, Smith presented no evidence suggesting that the defendants maintained a policy or custom of arresting all the occupants of a stolen vehicle. Nor did Smith present any evidence suggesting a failure to train, let alone that the failure was a deliberate or conscious choice. On this record, no reasonable factfinder could determine that the municipal defendants maintained an official policy or custom of arresting all the occupants of a stolen vehicle, or that they deliberately failed to train their officers. Thus, Smith was not entitled to summary judgment on the Monell claims, and the municipal defendants were entitled to summary judgment on those claims.

Accordingly, we will affirm the judgment of the District Court.