Robert Lee ONEY, Melvin Edward Pusey, Jr. and Frederick Lee Gainer, Defendants Below, Appellants,

v.

STATE of Delaware, Plaintiff Below, Appellee.

Supreme Court of Delaware.

Submitted Nov. 15, 1978.

Decided Jan. 18, 1979.

---

Robert C. Wolhar, of Wolhar & Moore, Georgetown, for defendants, Robert Lee Oney and Frederick Lee Gainer.

William M. Chasanov, of Brown, Shiels & Barros, Georgetown, for defendant, Melvin Edward Pusey, Jr.

James E. Liguori, Deputy Atty. Gen., Georgetown, for plaintiff below, appellee.

Before HERRMANN, Chief Justice, DUFFY, McNEILLY and QUILLEN, Justices.

McNEILLY, Justice.

Defendants appeal their Superior Court jury convictions of reckless endangering in the first degree.[1] Because we find reversible error as to defendants Melvin Edward Pusey, Jr. and Frederick Lee Gainer in the Court's failure to instruct the jury on the lesser included offense of reckless endangering in the second degree,[2] and because the Court erred in not granting defendant's, Robert Lee Oney, motion for judgment of acquittal, we need only to discuss those issues in this opinion.

---

**1.** 11 *Del.C.* § 604 provides:

"A person is guilty of reckless endangering in the first degree when he recklessly engages in conduct which creates a substantial risk of death to another person."

**2.** 11 *Del.C.* § 603 provides:

"A person is guilty of reckless endangering in the second degree when he recklessly engages in conduct which creates a substantial risk of physical injury to another person."

## I

The incident leading to the charges against defendants occurred while defendants allegedly were spotlighting deer in the Nanticoke Wildlife Area near Laurel, Delaware. Defendant Gainer was the owner and operator of the car, Pusey was riding in the front, and Oney was asleep in the back seat. The complainants, riding in another car, saw the defendants spotlighting and drove toward them. A chase ensued and, during the pursuit, several shotgun and rifle shots were fired from the Gainer vehicle by Pusey. The evidence is conflicting as to the direction and purpose of the shots, but it is not disputed that an object struck the windshield of the second vehicle when it was approximately one hundred seventy-five yards to the rear of the Gainer vehicle, and immediately after Pusey fired a slug from a .22 caliber rifle.

## II

Defendants filed, and the Court denied a timely request that the jury be instructed on the lesser included offense of reckless endangering in the second degree.

11 *Del.C.* § 207 provides that the Court is not obliged to charge the jury with respect to an included offense unless there is a rational basis in the evidence for a verdict acquitting the defendant of the offense charged and convicting him of the included offense.

■ The only difference between reckless endangering in the first and second degree is the magnitude of the risk of harm, the former requiring proof of substantial risk of death whereas the latter requires only proof of a substantial risk of physical injury.

■ It is not contested that Pusey fired shots from a shotgun and a rifle out of the Gainer car. What is contested, however, is the direction in which he fired. Pusey claims he never shot at the other car, but fired only to the side of the Gainer car. Gainer apparently did not know where Pusey aimed, nor did Oney who was asleep, or at least lying in the back seat. The driver of the other car testified that there were three shots: the first, a shotgun blast that landed in front of his car; the second, a shotgun blast from which he claims pellets hit his car; the third, a rifle shot he claims hit the windshield from a distance of one hundred seventy-five yards. The passenger in the other car testified that he was ducking down while the shooting was going on and could not really tell where Pusey was aiming or what hit the car. No bullet or shotgun pellets were recovered, and the object that damaged the windshield apparently did not pass through it.

■ Based upon the foregoing it appears that there is a rational basis in the evidence for the jury to have acquitted defendants Gainer and Pusey of the offense charged and convicted them of the lesser offense requiring only proof of a substantial risk of physical injury rather than risk of death.

## III

■ It is undisputed that at the time the first shots were fired from the Gainer car, defendant Oney was asleep on the back seat. After being awakened by the first gun shot there appears no evidence in the record that Oney actively or passively promoted, facilitated or participated in the events that followed other than being a passenger in the car. Oney's motion for judgment of acquittal should have been granted.

\* \* \* \* \* \*

■ Since the jury found the defendants Pusey and Gainer guilty of reckless endangering in the first degree and since the only error was the failure to permit the jury to consider a lesser offense as well as the greater offense charged, this is a clear case in which no undue prejudice will result to the defendants by reason of modification of the judgments of convictions and reimposition of sentences for the lesser included offense, *Porter v. State,* Del.Supr., 243 A.2d 699 (1968). The State, however, has a right to trial on the greater offense. The judgment below is reversed as to defendants Melvin Edward Pusey, Jr. and Frederick Lee Gainer, and the causes will be remand-

ed for a new trial unless the State within 10 days files in this Court an election to modify the judgments of convictions to the lesser offense, reckless endangering in the second degree. In that eventuality, the causes will be remanded only for such modification of the judgments of convictions and imposition of sentences on the lesser included offense.

Reversed and remanded with directions to enter judgment of acquittal as to Robert Lee Oney.