IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CURTIS WHITE, | § | |
| | § | No. 120, 2017 |
| Defendant Below, | § | |
| Appellant, | § | Court Below: Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | I.D. No. 1209017723 |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: October 4, 2017
Decided: October 17, 2017

Before **STRINE**, Chief Justice; **VAUGHN** and **SEITZ**, Justices.

Upon appeal from the Superior Court. **REVERSED** and **REMANDED**.

Michael W. Modica, Esquire, for Appellant, Curtis White.

Brian L. Arban, Deputy Attorney General, Department of Justice, Wilmington, Delaware, for Appellee, State of Delaware.

**STRINE**, Chief Justice:

## I.

Curtis White appeals the denial by the Superior Court of his post-conviction claim under *Strickland*, which contended that White was prejudiced when his trial counsel unreasonably failed to accede to his request to ask for a lesser included offense instruction. In the post-conviction proceeding, trial counsel admitted that he did not understand the lesser included offense of the major charge, First Degree Reckless Endangering, that his client faced. White was charged with First Degree Reckless Endangering after he fired a gun on a residential block, and asked his counsel to seek a lesser included offense instruction on the crime of Second Degree Reckless Endangering. His counsel did not, believing that (1) at the very least his client's use of a gun created a risk of "serious physical injury," (2) First Degree Reckless Endangering encompassed not just a risk of death, but also a risk of serious physical injury, and (3) therefore he could not seek the lesser included offense instruction.[1]

But, in reality, it was irrelevant whether or not White's conduct created a risk of serious physical injury because First Degree Reckless Endangering requires proof of a substantial risk of death,[2] and Second Degree Reckless Endangering requires proof of a substantial risk of physical injury.[3] That is, neither the felony First Degree

---

[1] First Aff. of Trial Counsel ¶ 1, Nov. 25, 2015.
[2] 11 *Del. C.* § 604.
[3] 11 *Del. C.* § 603.

Reckless Endangering offense nor the misdemeanor Second Degree Reckless Endangering offense includes the serious physical injury element between risk of death and risk of physical injury counsel thought existed.

A reasonable jury could have found White guilty of Second Degree Reckless Endangering because there was evidence that White was not pointing his gun at anyone in particular and was instead aiming blindly behind himself.[4] Thus, there were factual grounds to give the lesser included offense instruction. Supporting this conclusion are prior decisions of this Court, which have found that even when a defendant uses a weapon that can be lethal, a lesser included offense instruction for Second Degree Reckless Endangering can be proper, depending on the facts.[5]

Here, trial counsel conceded he acted without a tactical purpose, and there is no plausible tactical reason for failing to request the instruction. Thus, counsel's performance fell below an objective standard of reasonableness for purposes of *Strickland*. And because a jury could have concluded that White was guilty of Second Degree Reckless Endangering rather than First Degree Reckless Endangering, there was prejudice under *Strickland*. For these reasons, we reverse.

---

[4] *E.g.*, Trial Tr. 134:8–10, Mar. 26, 2013.
[5] *See Oney v. State*, 397 A.2d 1374 (Del. 1979); *Kauffman v. State*, 452 A.2d 945 (Del. 1982).

## II.

Around 5:30 p.m. on September 24, 2012, Curtis White was standing on the corner of 26th and Zebley Streets in Wilmington with two other people when an off-duty police officer drove by.[6] The off-duty police officer heard gunshots and saw White "running around the corner and firing a gun, and stated that [White] was not looking where the gun was aimed."[7] White drove away from the scene at a high rate of speed, was identified and followed by the police, and eventually turned himself in to the police.[8]

The police found three gun casings at the scene, one gun casing down the street, a bullet hole in a car parked outside 512 W. 26th Street, a "projectile fragment" in the outside screen of 510 W. 26th Street, and a piece of chipped brick on the porch of 512 W. 26th Street.[9] No one was injured by White's gunfire and none of the bullets White fired penetrated any of the homes on the street.[10] On the final day of trial, White asked trial counsel to seek the lesser included offense instruction for the offense of First Degree Reckless Endangering.[11] Trial counsel declined to do so.

---

[6] *White v. State*, 2017 WL 519265, at *1, *3 (Del. Super. Jan. 26, 2017).
[7] *Id.* at *1.
[8] *Id.*
[9] *Id.*
[10] Trial Tr. 73:15–18, Mar. 26, 2013.
[11] Appellant's Opening Br. 8.

3

The jury found White guilty of First Degree Reckless Endangering, Possession of a Firearm During the Commission of a Felony, Possession of a Firearm by a Person Prohibited, and "[three] criminal mischief offenses related to the property damage from the bullet strikes."[12] White was sentenced to nineteen years of Level V incarceration, suspended after twelve years for decreasing levels of supervision.[13] White appealed his conviction to this Court, and we affirmed.[14]

White then filed this petition for post-conviction relief, arguing trial counsel's representation was ineffective because of his failure to seek a lesser included offense instruction. Trial counsel admits that (1) "until reading the statute" after receiving an email from White's Rule 61 counsel, he assumed that "Reckless Endangering 1st degree encompassed both 'serious physical injury' and 'death,'"[15] and (2) he rejected White's request for a lesser included offense instruction because he believed "a bullet fired from a gun would not result in any injury other than 'serious physical injury.'"[16] Counsel admits he denied White's request for a lesser included offense

---

[12] *Id.*

[13] State's Reply Br. 1.

[14] *White v. State*, 2014 WL 637050 (Del. Feb. 6, 2014).

[15] Second Aff. of Trial Counsel ¶ 3, May 27, 2016.

[16] First Aff. of Trial Counsel ¶ 1, Nov. 25, 2015. We are aware of legitimate concerns on the part of the state and trial judges that trial counsel sometimes fault their own performance in the Rule 61 context, in situations when their confession of failing to live up to their duties seems strained and inconsistent with the record. The duty of trial counsel in the Rule 61 context is to play it as straight as possible and to describe what he did accurately and without any bias in any direction. In fact, it is the duty of trial counsel to describe what he did and not to express opinions about whether what he did was reasonable under *Strickland*. Here, we have confidence that trial counsel accurately reported his mistaken understanding of the law, because in his first affidavit he justified his failure to seek the lesser included instruction. *Id.* at ¶ 1, 4. It was only after he was made aware

4

instruction because he thought "[i]t made no sense to argue that a bullet fired from a gun might only create a substantial risk of physical injury. It did not seem plausible that a jury would consider a bullet striking a person as resulting in any injury other than 'serious physical injury,' as defined under Delaware law."[17]

As counsel acknowledged, "I failed to consider the large gap between 'physical injury' (Reckless Endangering 2nd Degree) and 'death' (Reckless Endangering 1st Degree). Given those extremes, one could easily assert that 'serious physical injury' dovetails better with 'physical injury' versus 'death.' I am 100% positive that I neglected to contemplate that issue. Moreover, in a case involving ricochet evidence, one could possibly argue that even 'physical injury' was in play, per *Oney v. State*."[18]

The Superior Court applied *Stickland*'s two-prong test in addressing White's claim.[19] As to the first prong, the Superior Court determined that trial counsel's representation did not fall below an objective standard of reasonableness because trial counsel strategically denied White's request for a lesser included offense instruction to focus on "attack[ing] whether [White] consciously disregarded a

---

that the statute for First Degree Reckless Endangering did not include any reference to "serious physical injury" that he reversed course, and admitted that his refusal to ask for the lesser included instruction was based on his misunderstanding of the relevant statutes. Second Aff. of Trial Counsel ¶ 3–5, May 27, 2016.

[17] First Aff. of Trial Counsel ¶ 4, Nov. 25, 2015.

[18] Second Aff. of Trial Counsel ¶ 5, May 27, 2016 (internal citation omitted).

[19] *Strickland v. Washington*, 466 U.S. 668 (1984).

substantial risk that death would result."[20]  As to prejudice, the Superior Court noted that it "struggle[d] to see how, even upon request of the [lesser included offense instruction], the [instruction] would have been granted."[21]

We part company from the Superior Court on these points.  As we next discuss, we fail to see how not asking for the lesser included offense instruction constituted a reasonable tactical decision, both because it was uninformed and because asking for the instruction would have been consistent with trial counsel's strategy.  Likewise, we disagree that there was no basis in the trial record to sustain the instruction for Second Degree Reckless Endangering.

## A.

There is a binary distinction between felony and misdemeanor Reckless Endangering.  First Degree Reckless Endangering requires reckless engagement in conduct that creates a substantial risk of "death," while Second Degree Reckless Endangering requires reckless engagement in conduct that creates a substantial risk of "physical injury."[22]  "A person acts recklessly with respect to an element of an

---

[20] *White*, *supra* note 6, at *3.
[21] *Id.*
[22] 11 *Del. C.* § 604; 11 *Del. C.* § 603.

6

offense when the person is aware of and consciously disregards a substantial and unjustifiable risk that the element exists or will result from the conduct."[23]

Serious physical injury is not a statutory element of either First Degree Reckless Endangering or Second Degree Reckless Endangering. The intermediate position counsel thought existed does not exist. Rather, there is a choice between "substantial risk of death" and "substantial risk of physical injury."[24] As trial counsel's own logic admits, a gun, although capable of lethal force, can also result in injuries that are not fatal. Thus, there can be circumstances where a gun is used in the commission of a crime that a jury, as fact finder, could conclude did not cause a substantial risk of death, but instead caused a substantial risk of physical injury: a category that would encompass all injuries short of death.

Instead of researching the statutory components of First and Second Degree Reckless Endangering before deciding whether or not to request a lesser included offense instruction, counsel says he made that decision based on his incorrect assumption that First Degree Reckless Endangering encompassed both a risk of serious physical injury and death. By denying White's request for a lesser included offense instruction without knowing the statutory components of the crime for which White was charged, and without reading the statutory components of First and

---

[23] 11 *Del. C.* § 231.
[24] 11 *Del. C.* § 604; 11 *Del. C.* § 603.

7

Second Degree Reckless Endangering comparatively, counsel's representation of White fell below an objective standard of reasonableness.[25]

We cannot conclude, as the Superior Court did, that counsel somehow unwittingly hit on a smart tactical move. Asking for an instruction on Second Degree Reckless Endangering was consistent with the theory counsel pressed at trial: White fired the gun but did not create a substantial risk of death. As trial counsel stated in his closing argument, "[A]t the time he's squeezed off the rounds, was he consciously aware that there were people likely to be hit by those rounds and he blew it off, not possible, not speculative, but substantial risk? I would submit to you that hitting a house, by itself, even if you were deliberately aiming at it, is still not enough, and there's no evidence that he was deliberately aiming at anyone . . . ."[26] We perceive no advantage to failing to adhere to White's request to give the jury a conviction option that fit the fact pattern trial counsel was advancing on White's behalf.

## B.

Absent prejudice, of course, relief is unattainable under *Strickland*. And, expressing doubt that a lesser included offense instruction could have been granted in this case, the Superior Court noted: "in order to give an instruction on a lesser

---

[25] *See, e.g.*, *Hinton v. Alabama*, 134 S. Ct. 1081, 1089 (2014) ("An attorney's ignorance of a point of law that is fundamental to his case combined with his failure to perform basic research on that point is a quintessential example of unreasonable performance under *Strickland*.").
[26] Trial Tr. 83:20–84:4, Mar. 27, 2013.

included offense, the trial court must be satisfied that 'the evidence introduced in the case . . . support[s] a jury verdict convicting [the] defendant of the lesser crime *rather than* the indicted crime."[27] But the trial record contained evidence from which a jury could have reasonably found White guilty of Second Degree Reckless Endangering, rather than First Degree Reckless Endangering.

For example: (1) the off-duty officer did not see anyone on the block at the time of the shooting except the other two people White was standing with before the shooting;[28] (2) the shots "went far away from [those two people]";[29] (3) White was not looking in the direction he was shooting;[30] (4) White was "running like grabbing a baton, like if you're in a relay race and you're waiting for [your teammate] to pass a baton" with the gun outstretched behind his body as he shot;[31] and (5) none of the bullets White fired hit anyone or penetrated a residence.[32]

Prior decisions of this Court also support our conclusion that the failure to give the lesser included offense instruction was prejudicial. These decisions recognize that even if a defendant discharges a firearm, the circumstances in which he does so may be such that a reasonable jury could determine that he was guilty of

---

[27] *White*, *supra* note 6, at *2 (citing *Baker v. State*, 1993 WL 557951, at *6 (Del. Dec. 30, 1993)) (emphasis in original).
[28] Trial Tr. 122:18–21, Mar. 26, 2013.
[29] *Id.* at 134:5–7.
[30] *E.g.*, Trial Tr. 134:8–10, Mar. 26, 2013.
[31] Trial Tr. 92:8–12, Mar. 26, 2013.
[32] *Id.* at 73:15–18.

Second Degree Reckless Endangering, rather than First Degree Reckless Endangering.

For example, in *Oney v. State*, one of the defendants fired shots from a vehicle during a car chase. But, because the direction in which the defendant was aiming his shots was contested, this Court found a "rational basis in the evidence for the jury to have acquitted [the defendant] of [First Degree Reckless Endangering] and convicted [him] of the lesser offense requiring only proof of a substantial risk of physical injury rather than risk of death."[33] Likewise, in *Kauffman v. State*, despite the fact that the defendant "fired at least one shot at the house after seeing [the man he had followed home after a near-miss traffic incident] standing at the window," this Court found the trial judge "properly instructed the jury on the lesser included offense [of Second Degree Reckless Endangering]."[34]

Because there is a reasonable probability that, had the jury received a lesser included offense instruction, it would have convicted White of misdemeanor, instead of felony, Reckless Endangering, White's claim has demonstrated prejudice.

For the foregoing reasons, the judgment of the Superior Court is hereby REVERSED and REMANDED. White's convictions for First Degree Reckless

---

[33] *Oney*, *supra* note 5, at 1376.
[34] *Kauffman*, *supra* note 5, at 946.

Endangering and Possession of a Firearm During the Commission of a Felony shall be vacated and he shall be afforded a new trial on those charges.