33 A.3d 1255

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT,
v. S.K., DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted November 28, 2011—Decided January 17, 2012.

Before Judges A.A. RODRÍGUEZ, SABATINO and ASHRAFI.

*Indik & McNamara, P.C.*, attorneys for appellant (*Carl J. Dallarda*, on the brief).

*Bruce J. Kaplan*, Middlesex County Prosecutor, attorney for respondent (*Susan Berkow–Boser*, Special Assistant Prosecutor, of counsel and on the brief).

The opinion of the court was delivered by

ASHRAFI, J.A.D.

Defendant appeals from a judgment of conviction following his guilty plea to a disorderly persons charge of contempt for violating a domestic violence restraining order. *N.J.S.A.* 2C:29–9b. Because the violation was of an invalid provision of the restraining order that defendant could not be expected to obey under all circumstances, and because the factual basis for defendant's guilty plea was insufficient, we vacate the conviction and dismiss the complaint.

The final restraining order was entered on November 29, 2005, following a hearing in the Family Part at which defendant and his ex-wife appeared pro se and testified. The parties had been married for six years and were divorced about one year before the hearing. They had two children, ages seven and five at the time of the hearing. Their divorce judgment included parenting time and support obligations.

The Family Part judge found that defendant had returned the children to his ex-wife's home after his parenting time, and then he and his ex-wife had argued about his support payment. Because the payment would be late, the ex-wife ordered him out of her house and began pushing him. Defendant pushed her back and made a verbal threat. Defendant attempted to call the police on his cell phone, but his ex-wife grabbed the phone away. She would not give it back and threatened to smash it on the ground. The two grappled over the phone. He bit her hand, and she dropped the phone. Both called the police.

The judge found that defendant had committed an act of harassment in violation of *N.J.S.A.* 2C:33–4. Taking into consideration the ex-wife's testimony about prior verbal harassment and a prior biting incident,[1] the judge granted her a final restraining order.

---

[1] Defendant's ex-wife had filed one prior domestic violence complaint against him, but she had dismissed that complaint before a hearing was held.

When issuing the order, the judge explained to the parties the nature of the restraints and discussed at length the provisions that would apply to parenting time arrangements and future support payments. Defendant was informed that he was prohibited from making contact with his ex-wife and that he was barred from her home and place of employment. At no time during the hearing, however, did the judge specifically refer to a provision written into the final restraining order that barred defendant from "any other place where plaintiff is located."

From 2005 to 2010, no charges were filed against defendant for violation of the order. On April 22, 2010, defendant attended his children's soccer game at a local high school. His ex-wife was also present and sitting in the bleachers. She called the police and reported that she had an active restraining order against her ex-husband, that he was not permitted to be in the same place as her, and that he was standing near the bleachers and watching the soccer game. She did not claim that any communication or contact had occurred. Nor did she allege he had engaged in other misconduct. The police did not file any charges at that time.

The next day, the ex-wife went to the police station with a copy of the restraining order and filed a citizen's complaint against defendant. The police then filed a formal complaint charging defendant with disorderly persons contempt, in violation of *N.J.S.A.* 2C:29–9b, and with petty disorderly persons harassment, in violation of *N.J.S.A.* 2C:33–4a. The complaint alleged that defendant had committed those offenses by "being at their child's soccer game the same time as the complainant." Defendant was arrested and processed, and he spent several hours in police custody before he was released.

Six months later, defendant appeared with counsel before the Family Part for trial on the two charges. The State offered a plea agreement for a non-custodial sentence, which defendant accepted. After confirming with the judge that he would not be sentenced to additional time in custody, defendant agreed to plead guilty to the contempt charge, and the State agreed to dismiss the harassment

charge. Before accepting the guilty plea, the court placed defendant under oath and questioned him in accordance with the requirements of *Rule* 3:9–2. The prosecutor then elicited the following factual basis for defendant's guilty plea, from which we have omitted only identifying names:

Q (Prosecutor): Mr. ..., there was the restraining order between you and your ex-wife ..., correct?

A (Defendant): Yes.

Q: And it's still in effect today, correct?

A: Yes.

Q: Back on April 22nd of 2010, you were at Woodbridge Township at the football field, correct?

A: Yes.

Q: And the restraining order requires you not to be in the presence of [your ex-wife], correct?

A: Yes.

Q: And you were there and you're saying that that is a violation of the restraining order, right? You're pleading guilty to that?

A: Yes.

The prosecutor stated she was satisfied with the factual basis, and the court accepted the plea. After noting that defendant did not have a criminal record and there were no prior charges for violating a restraining order, the court sentenced defendant to one day in jail, which time had been served on the day of his arrest, and imposed mandatory money penalties totaling $125.

Defendant filed a timely notice of appeal. We granted his motions to proceed as an indigent, for appointment of pro bono counsel for the appeal, and for a transcript of the plea hearing at public expense under *N.J.S.A.* 2A:152–17.

In neither the 2005 nor the 2010 hearing before the Family Part was there a discussion of the provision of the final restraining order barring defendant from "any other place where plaintiff is located." During the 2005 hearing, the judge explained the arrangements the parties would have to make for exchange of the children for defendant's parenting time. Except for handwritten instructions concerning their son's basketball practices and games,

which defendant was coaching at that time, the order did not address the children's sports or other activities.

The judge at the 2005 hearing did not say that defendant was barred from attending the children's activities. *See Finamore v. Aronson*, 382 *N.J.Super.* 514, 889 *A.*2d 1114 (App.Div.2006) (order barring domestic violence defendant from child's activities required findings of fact justifying the prohibition). Nor did the ex-wife make a specific request regarding joint presence with defendant at any public function or location. We cannot tell from the record why or how the prohibition from "any other place where plaintiff is located" was included in the final restraining order.

The Prevention of Domestic Violence Act, *N.J.S.A.* 2C:25–17 to –35, lists the types of relief the court may include in a final restraining order, *N.J.S.A.* 2C:25–29b. As to barring a defendant from places, the statute provides that a defendant may be restrained:

> from entering the residence, property, school, or place of employment of the victim or of other family or household members of the victim and requiring the defendant to stay away from *any specified place that is named in the order* and is frequented regularly by the victim or other family or household members.
>
> [*N.J.S.A.* 2C:25–29b(6) (emphasis added).]

In *Finamore v. Aronson, supra,* 382 *N.J.Super.* at 520, 889 *A.*2d 1114, we stated that "[t]he specific relief[ ] necessary to protect the victim must be distinctly described in the final restraining order."

■ Here, the relevant provision of the order does not name or describe a specific place from which defendant is barred but generally prohibits him from wherever his ex-wife may be. The domestic violence statute does not authorize such a prohibition. We recognize that the statute broadly permits "any relief necessary to prevent further abuse," *N.J.S.A.* 2C:25–29b, and that injunctive relief under the domestic violence act "may have ... [a] broad scope," *Zappaunbulso v. Zappaunbulso,* 367 *N.J.Super.* 216, 226, 842 *A.*2d 300 (App.Div.2004). In *Zappaunbulso,* for example, we affirmed an order prohibiting the defendant from living in the same neighborhood as plaintiff, but only after review-

ing a detailed factual record supporting the prohibition. *Id.* at 218–25, 228, 842 *A.*2d 300.

The order that was entered in this case does not describe the "other place[s]" from which defendant is barred. Defendant's predicament was similar to that in *State v. Finamore,* 338 *N.J.Super.* 130, 132, 768 *A.*2d 248 (App.Div.2001), where we held that a charge of contempt was defective because the restraining order "was unclear . . . and the defendant's actions that prompted the contempt charge could not, as a matter of law, be found to constitute a knowing violation of an existing domestic violence restraining order."

Domestic violence orders can and typically do prohibit contact and communications with the victim, or harassment and stalking of the victim, no matter where that conduct occurs. *N.J.S.A.* 2C:25–29b(7) and (17). But it is conduct rather than location that is the focus of those restraints.

■ We shall not attempt to predict whether any extraordinary circumstances might justify as broad a prohibition as was included in the restraining order in this case. Nothing in the record before us provides factual support for prohibiting defendant from being in the same general location as his ex-wife. Defendant should not be compelled to abandon his lawful presence in a public or other location only because his ex-wife also chooses to be present in the same general location. Such an order puts defendant at risk of being arrested and charged, as occurred in this case, for otherwise innocent conduct, such as watching his children play soccer, going to their school, or shopping at a grocery store.

■ Not only was the relevant provision of the order overly broad and virtually impossible for defendant to obey at all times, but defendant's testimony was not an adequate factual basis to prove he had violated the order. To establish a disorderly persons contempt of court, the State was required to prove that defendant "knowingly" violated the restraining order. *N.J.S.A.* 2C:29–9b; *see State v. L.C.,* 283 *N.J.Super.* 441, 447, 662 *A.*2d 577

(App.Div.1995), *certif. denied,* 143 *N.J.* 325, 670 *A.*2d 1066 (1996). The factual basis elicited for defendant's guilty plea established that he knew the order was in effect on April 22, 2010, but not that he attended his children's soccer game knowing that his joint presence with his ex-wife at an outdoor athletic field was prohibited.

We do not suggest that a defendant must personally acknowledge the legal implications of his conduct. *See N.J.S.A.* 2C:2–2d; *State v. Rowland,* 396 *N.J.Super.* 126, 128–29, 933 *A.*2d 21 (App.Div.2007). But the evidence must allow at least a reasonable inference that a defendant charged with violating a restraining order knew his conduct would bring about a prohibited result. *See N.J.S.A.* 2C:2–2b(2);[2] *cf. State v. Breakiron,* 108 *N.J.* 591, 605–06, 532 *A.*2d 199 (1987) (inferences drawn from evidence to prove knowledge element in homicide prosecution); *State v. Moore,* 330 *N.J.Super.* 535, 544, 750 *A.*2d 171 (App.Div.) (inference permissible that the defendant knew car in which he was riding was being driven without consent of the owner), *certif. denied,* 165 *N.J.* 531, 760 *A.*2d 784 (2000). Here, no facts were developed to prove defendant's knowledge that he was prohibited from attending his children's soccer game even if he stood apart and did not come into contact or communicate with his ex-wife.

Like *State v. Krupinski,* 321 *N.J.Super.* 34, 45, 728 *A.*2d 247 (App.Div.1999), and *State v. Wilmouth,* 302 *N.J.Super.* 20, 23, 694 *A.*2d 584 (App.Div.1997), defendant's alleged violation was too trivial for prosecution. *See also State v. Hermann,* 80 *N.J.* 122, 127, 402 *A.*2d 236 (1979) ("a prosecutor is vested with broad discretionary powers ... both the decision to prosecute an individual whom he has probable cause to believe has violated the law, and the converse decision to refrain from prosecuting" (citations

---

[2] *N.J.S.A.* 2C:2–2b(2) states in part: "A person acts knowingly with respect to the nature of his conduct or the attendant circumstances if he is aware that his conduct is of that nature, or that such circumstances exist, or he is aware of a high probability of their existence."

omitted)); *In re Ringwood Fact Finding Comm.,* 65 *N.J.* 512, 517, 324 *A.*2d 1 (1974) (prosecutor had discretion to decline prosecution of technical and unintentional violation of an election law). The complaint in this case did not state a valid charge of contempt or harassment.

We reverse defendant's conviction and remand to the Family Part to enter an order dismissing the complaint. After giving notice to the parties and an opportunity to be heard, the Family Part shall consider an appropriate amendment of the final restraining order to delete the invalid provision.