# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3417-16T2

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

ANTHONY A. CALABRESE,

    Defendant-Appellant.

_____

Argued October 15, 2018 – Decided November 13, 2018

Before Judges Messano and Fasciale.

On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Ocean County, Docket No. FO-15-0215-17.

Mitchell J. Ansell argued the cause for appellant (Ansell Grimm & Aaron, PC, attorneys; Mitchell J. Ansell, on the brief).

Hillary H. Bryce argued the cause for respondent (Bradley D. Billhimer, Ocean County Prosecutor, attorney; Hillary H. Bryce, Supervising Assistant Prosecutor, on the brief).

PER CURIAM

After a bench trial, defendant appeals from his conviction of disorderly persons contempt, N.J.S.A. 2C:29-9(b)(2), for violating a temporary restraining order (TRO) previously obtained by his ex-girlfriend under the Prevention of Domestic Violence Act (the Act), N.J.S.A. 2C:25-17 to -35. We affirm.

On appeal, defendant argues:

> POINT I
> THE STATE FAILED TO PROVE EVERY ELEMENT OF N.J.S.A. 2C:29-9 BEYOND A REASONABLE DOUBT AS THE TRO MARKED S-1 IN EVIDENCE WAS NO LONGER IN EFFECT ON SEPTEMBER 24, 2016, AS IT HAD BEEN SUPERSEDED BY AN ATRO ISSUED ON OCTOBER 6, 2016. (PARTIALLY RAISED BELOW).
>
> POINT II
> THE FINDINGS OF FACT AND CONCLUSIONS OF LAW MADE BY THE TRIAL [JUDGE] WERE AGAINST THE WEIGHT OF THE EVIDENCE. THEREFORE, THE CONVICTION IN THIS MATTER MUST BE VACATED. (NOT RAISED BELOW).

We conclude that defendant's contention in Point I is without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2). We add the following brief remarks. In August 2016, the ex-girlfriend obtained and served the TRO on defendant. In September 2016, the municipal court amended the TRO (ATRO) to include information as to the history of domestic violence between the parties. The TRO and ATRO prohibited defendant from contacting

2

the ex-girlfriend.  Although the State moved only the TRO into evidence – and even assuming defendant had not received the ATRO – the TRO remained binding on defendant.  See State v. Gandhi, 201 N.J. 161, 189 (2010) (stating that "a defendant is bound to obey [a] court's order until the order is vacated through a judicial proceeding").  "[A]s long as a court order exists and a defendant has knowledge of it [like here], the defendant may be prosecuted for a violation thereof."  Id. at 190.

Our review of a finding of guilt in a contempt proceeding is limited to determining "whether the record contains sufficient [credible] evidence to support the judge's conclusion."  State v. J.T., 294 N.J. Super. 540, 544 (App. Div. 1996) (citing State v. Johnson, 42 N.J. 146, 161 (1964)).  Factual findings of the trial judge are generally accorded deference given the judge's "opportunity to make first-hand credibility judgments about the witnesses who appear on the stand; [the judge] has a 'feel of the case' that can never be realized by a review of the cold record."  N.J. Div. of Youth & Family Servs. v. E.P., 196 N.J. 88, 104 (2008) (quoting N.J. Div. of Youth & Family Servs. v. M.M., 189 N.J. 261, 293 (2007)).  Nevertheless, in evaluating a trial judge's findings in a criminal case, we must ensure that the State has carried its burden of proving a defendant's guilt beyond a reasonable doubt.

A-3417-16T2

To obtain a conviction of the disorderly persons offense of contempt for violating a TRO issued under the Act, the State must prove beyond a reasonable doubt that defendant knowingly violated such an order. N.J.S.A. 2C:29-9(b)(2); see also State v. Finamore, 338 N.J. Super. 130, 138 (App. Div. 2001). "[T]he evidence must allow at least a reasonable inference that a defendant charged with violating a [TRO] knew his conduct would bring about a prohibited result." State v. S.K., 423 N.J. Super. 540, 547 (App. Div. 2012). N.J.S.A. 2C:2-2(b)(2) states in relevant part: "A person acts knowingly with respect to the nature of his conduct or the attendant circumstances if he is aware that his conduct is of that nature, or that such circumstances exist, or he is aware of a high probability of their existence."

After defendant received the TRO, the ex-girlfriend received six calls and two voicemails on her cell phone between 4:00 a.m. and 4:08 a.m. These calls came from defendant's phone. One of the voicemails, which the ex-girlfriend testified contained defendant's voice, said "[a]nswer the phone, you stupid bitch." At the trial, defendant – who knew about the TRO and its requirement that he not contact the ex-girlfriend – defended the charges by attempting to show he did not make the calls. That is, he suggested that the six calls emanated from a "spoofing app."

The judge found the ex-girlfriend credible.  She characterized her testimony as "straightforward[;] she was direct . . . and responsive."  The judge added that

> she was clear – that the calls were made to her phone. She did not notably appear to overreach in her testimony.  And, much of her testimony concerning her receipt of the calls was, in this [c]ourt's view, un-assailed.
>
> . . . [A]nd very importantly, . . . in terms of evaluating [her] credibility, . . . she was corroborated by [an officer] in this matter.
>
> . . . [The officer] used the same phone number [used to call the ex-girlfriend] to call . . . defendant and indeed spoke to . . . defendant . . . .
>
> . . . .
>
> In this [c]ourt's view, . . . especially in light of [the ex-girlfriend's] unequivocal testimony that she recognized . . . defendant's voice . . . and maintained corroborating evidence, . . . via [the] screen shots[,] . . . the calls indeed occurred . . . .
>
> [The ex-girlfriend's] testimony was, again, corroborated by her actions that very same day that she received the calls. . . .  [The officer and the ex-girlfriend] appeared credible . . . .

The judge did not believe the testimony from defendant's mother – who testified that it was not her son's voice on the voicemail – which the judge stated was an "overreach."  And the judge flat out rejected – as "speculative" and "illogical" –

5

defendant's defense that "spoofing apps" were purportedly the cause of the calls to the ex-girlfriend.

The judge applied the correct law and found defendant guilty beyond a reasonable doubt. We conclude there exists sufficient credible evidence in the record to support the judge's findings, which we will not disturb.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3417-16T2